IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00241-MSK-MJW

PISTOR AND ASSOCIATES, INC. d/b/a/ MIRACLE METHOD US,

Plaintiff,

v.

CHRIS BOTSFORD d/b/a WHITE ROCK REFINISHING and d/b/a BLACK ROCK REFINISHING, and
DOES 1-10,

Defendants.

**RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ENTRY DEFAULT JUDGMENT
(Docket No. 19)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Plaintiff's Motion for Entry of Default Judgment (Docket No. 19) filed on June 13, 2014. The court has reviewed the subject motion and the exhibits attached thereto. Defendant Chris Botsford has not filed any response to the subject motion. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That the court has subject matter jurisdiction over this action as plaintiff's (hereinafter "Miracle Method") claims arise under federal statutes, including the

Lanham Act, 15 U.S.C. § 1111 et seq., and the Copyright Act, 17 U.S.C. § 501 et seq., giving the court federal question jurisdiction over the entire action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.  Further, the court has supplemental jurisdiction over the state-law claims for unfair competition and deceptive trade practices because they are based on the same conduct by defendant Chris Botsford as the federal claims, and thus form part of the same case or controversy.  See 28 U.S.C. § 1367;

2. That the court has personal jurisdiction over defendant Chris Botsford because defendant Chris Botsford provides identical services in a state where Miracle Method's franchisees offer services, and Miracle Method has incurred damages in Colorado due to defendant Chris Botsford's use of its confusingly similar mark. Further, Defendant has directed its tortious activities at Miracle Method in Colorado.  "It is well-established that trademark infringement is a tortious act for purposes of state long-arm statutes."  Nestle Prepared Foods Co. v. Pocket Foods Corp., 2007 U.S. Dist. LEXIS 26181, *11 (D. Colo. Apr. 5, 2007);

3. That venue is proper in the state and District of Colorado;

4. That each party has been given fair and adequate opportunity to be heard;

5. That Miracle Method diligently pursued service of defendant Chris Botsford, but was unable to accomplish service until March 29, 2014.  Service was properly effected on defendant Chris Botsford under a California statute permitting substitute service upon a commercial mail receiving agency (here, a Mail 'n' More location in Thousand Oaks, California), as California law designates such agencies as agents for service of process against those individuals and

3

    businesses that use their private mailbox services. Under that statute, service was effective until ten days after mailing of the Summons and Complaint to that address, meaning that defendant Chris Botsford's deadline to answer or otherwise respond to the Complaint was April 29, 2014. See Cal. Bus. & Prof. Code § 17538.5(c); Cal. Code Civ. Proc. § 415.20(b); Hearn v. Howard, 177 Cal. App. 4th 1193, 1202 (2009) (holding that Section 415.20(b) authorized service of process at a "private post office box rental store" and holding that default judgment for failure to defend was proper);

6. That defendant Chris Botsford has not answered or otherwise responded to the Complaint, and therefore defendant Chris Botsford has admitted the factual allegations in the Complaint. See Burlington Northern R.R. Co. v. Huddleston, 94 F.3d 1413, 1415 (10th Cir. 1996);

7. That the Clerk of the Court entered a Clerk's default pursuant to Fed. R. Civ. P. 55(a) against defendant Chris Botsford on May 14, 2014. See Docket No. 17;

8. That defendant Chris Botsford is not an infant or incompetent, an officer or agent of the State or Colorado, or in the military service;

9. That defendant Chris Botsford, by virtue of admitting to the factual allegations contained in the Complaint, has committed at least eight separate acts of infringement of Miracle Method's copyrighted images and has also infringed Miracle Method's trademarks; and

10. That Miracle Method is entitled to relief on all of its claims, namely the minimum statutory damage of $750 for each of the eight violations, as well as injunctive relief forbidding further infringement of Miracle Method's trademarks and

4

copyrighted images.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **RECOMMENDS**:

1.  That Plaintiff's Motion for Entry of Default Judgment (Docket No. 19) be **GRANTED**;

2.  That default judgment enter in favor of plaintiff PISTOR AND ASSOCIATES, INC. d/b/a/ MIRACLE METHOD US, and against defendant CHRIS BOTSFORD d/b/a WHITE ROCK REFINISHING and d/b/a BLACK ROCK REFINISHING, in the principal amount of $6,000.00, plus reasonable attorney's fees and reasonable court costs to be taxed by the Clerk consistent with Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961 from the date that judgment is entered by Chief Judge Krieger until the judgment is fully paid; and

3.  That the court **PERMANENTLY ENJOIN** defendant Christ Botsford and his businesses, affiliates, associates, or employees, as well as any officers, directors, trustees, employees, agents, representatives, attorneys, successors, and assigns of those businesses, and any and all persons acting by, through, or under authority from Botsford, and any and all persons in active concert or participation with them: (1) from using any of Miracle Method's trademarks or copyrighted images, or any mark, name, or domain name confusingly similar thereto; (2) from using any logo, trade name or trademark that may be calculated

to falsely represent or which has the effect of falsely representing that they are authorized by or in any way associated or affiliated with Miracle Method; (3) from otherwise unfairly competing with Miracle Method; (4) from falsely representing themselves as being connected with Miracle Method or engaging in any act which is likely to cause the trade or members of the public to believe that they are associated with Miracle Method; (4) from affixing, applying, annexing, or using in connection with the advertising or offering of any services, a false description or representation, including words or other symbols tending to falsely describe or represent such services as being those of Miracle Method or similar to those of Miracle Method and from offering such services in commerce; and (5) from operating any websites that contain Miracle Method's trademarks or copyrighted images.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.**

6

**Makin v. Colo. Dep't of Corr.**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date: June 27, 2014  
      Denver, Colorado

s/ Michael J. Watanabe  
Michael J. Watanabe  
United States Magistrate Judge